———o———

5527.

(Court of Appeal, Parish of Orleans).

## LILLIAN WILZLER, Wife of E. L. JACOB, vs. SETH F. HARVEY.

1. The widows action for her marital fourth is maintainable directly against the detainer of the husband's estate without the necessity of its prior administration or liquidation, unless the existence of debts is shown.

2. A husband cannot be considered as dying "rich" within the meaning of R. C. C. 2382 whose estate of less than $2,000.00 was during the marriage burdened with a usufruct which did not terminate until after his death.

Appeal from the Civil District Court, Division "D."

B. F. Forman, for plaintiff and appellant.

Seeber & Denechaud, defendant and appellee.

GODCHAUX, J.—Defendant contends that plaintiff's suit to recover her marital fourth out of her husband's estate is premature because his estate or succession has never been opened or liquidated. In support of this contention the case of **Succession of Newman, 27 Ann., 593**, is cited.

The plaintiff's claim is against specific property in the possession of defendant as the judicially recognized universal legatee of the sole heir of the husband and there is no pretense that the husband's estate is burdened with debts or requires administration. The 27th Annual

case presents no such features and the authorities are clearly to the effect that the widow's action for the marital fourth is maintainable against the detainer of the husband's estate without the necessity of its previous liquidaton, unless the existence of debts is shown.

Shaw vs. Reneau, 10th Ann., 190, and cases cited therein.

On the merits it appears that plaintiff had been married only three and one-half years when her husband died and that during the last nine months she had lived apart from him with her father, owing apparently to the husband's constant inebriety. Neither she nor her husband were possessed of any means whatever and their situation is further illustrated by the statement that for more than three-fourths of the period of their married life the husband was out of employment and plaintiff had to support the household as best she could by sewing, etc.

Shortly after the marriage the husband inherited from his father an undivided interest valued at less than $2,000, in certain real and personal property which never came into his possession during the marriage. Moreover to the extent of three-quarters thereof, his estate was not susceptible of enjoyment during his life, being burdened with the usufruct in favor of his mother who survived him. In short, such estate as he had was neither possessed nor enjoyed during the marriage and practically none of it was available then or at his death for ameliorating the wife's condition in life.

Under these circumstances, while it may perhaps be true that plaintiff was "in necessitous circumstances" at her husband's death, the Court is clearly of the opinion that the husband did not "die rich within the meaning of the codal provision applicable." R. C. C. 2382.

The case of **Succession of Kunemann, 115 La., 614,** is exactly in point. There as here the spouses were without the advantages of riches during the marriage, the wife furnishing the main means of supporting the household. There the husband's estate was valued at over $11,000, but, as in the case here, was subject to a usufruct which did not terminate until after his death, so that the estate was not available during the marriage. Still, notwithstanding the value of the estate, the Court was unanimously of the opinion that the widow's suit was not maintainable, two of the Justices expressly concurring in the opinion on the ground that the husband could not be considered as having died ''rich.''

See also **Crockett vs. Madison, 116 La., 729.**

As to the widow's claim for $1,000 under **R. C. C., 3252,** the situation is precisely the same as existed in the **Kuneman case, supra,** where the Court said:

> ''The claim of the widow under the Statutes of the State to $1,000 as a widow in necessitous circumstances is not pressed by counsel.

> ''Conceding that she might have been entitled to that amount there is no basis furnished by the record by means of which the amount she could demand could be fixed. She certainly had some means when her husband died. Exactly how much we do not know.''

The judgment appealed from properly dismissed plaintiff's suit and it is affirmed.

Judgment affirmed.

March 18, 1912.

Rehearing refused, April 17, 1912.

May 21, 1912, Decree Supreme Court, writ denied.